UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 12-CV-1629 (JFB) (SIL)

JONEL BARBU,

Plaintiff,

VERSUS

LIFE INSURANCE COMPANY OF NORTH AMERICA, DBA CIGNA,

Defendant.

**MEMORANDUM AND ORDER**
February 24, 2015

JOSEPH F. BIANCO, District Judge:

Plaintiff Jonel Barbu ("plaintiff") brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), challenging the termination of his long-term disability benefits, which were paid for approximately 17 months until defendant Life Insurance Company of North America ("defendant") determined that plaintiff was no longer disabled. By Memorandum and Order dated August 7, 2014, the Court granted in part and denied in part plaintiff's motion for summary judgment. Now before the Court is plaintiff's motion for his attorney's fees and costs. For the reasons set forth below, the Court awards $119,185 in attorney's fees and $6,178.30 in costs.

I. PROCEDURAL HISTORY

The Court set forth all relevant background facts in its July 15, 2014 Memorandum and Order granting plaintiff's motion for summary judgment. *See Barbu v. Life Ins. Co. of North Am.*, No. 12-CV-1629, 2013 U.S. Dist. LEXIS 109749 (E.D.N.Y. Aug. 7, 2014). The Court does not repeat those facts here.

After the Court issued its August 7, 2014 Memorandum and Order, plaintiff moved for attorney's fees and costs on August 20, 2014. Defendant opposed the motion on September 9, 2014, and plaintiff replied on September 11, 2014. The Court has fully considered all submissions of the parties.

II. DISCUSSION

A. Plaintiff's Entitlement to
Attorney's Fees and Costs

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). However, ERISA provides that "the court in its discretion may allow a reasonable

attorney's fee and costs of action to either party." *Trs. of the N.Y. City Dist. Council of Carpenters v. American Concrete Solutions, Inc.*, No. 13-CV-4714 (RA), 2014 U.S. Dist. LEXIS 175002, at *11 (S.D.N.Y. Dec. 18, 2014) (quoting 29 U.S.C. § 1132(g)(1)).

A district court's discretion to award attorney's fees under ERISA "is not unlimited," and the Supreme Court has made clear that "the Court may only award attorneys' fees to a beneficiary who has obtained 'some degree of success on the merits.'" *Donachie v. Liberty Life Assur. Co.*, 745 F.3d 41, 46 (2d Cir. 2014) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254-55 (2010)). Following the Supreme Court's decision in *Hardt*, the only obligatory factor for a court to consider in exercising its discretion is whether the plaintiff has obtained some degree of success on the merits. *Id*. However, the court may additionally, in its discretion, consider the traditional five factors test, known in this Circuit as the *Chambless* factors. *Id*. (courts may consider "(1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.") (quoting *Hardt*, 560 U.S. at 249 n.1); *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 872 (2d Cir. 1987).

Here, the defendant does not dispute that plaintiff is entitled to an award of attorney's fees in this action. In any event, the Court concludes, in its discretion, that an award of attorney's fees and costs is warranted because plaintiff has achieved some success on the merits, and the Court does not believe there is any need to consider the additional *Chambless* factors in this case. *See Donachie*, 745 F.3d at 46 ("a court *may*, without further inquiry, award attorneys' fees to a plaintiff who has had 'some degree of success on the merits'") (emphasis in original). Accordingly, the Court concludes that plaintiff is entitled to recover his attorney's fees and costs.

B. Attorney's Fees

Generally, to determine a reasonable attorney's fee, a court must calculate a "lodestar figure," which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). "Both [the Second Circuit] and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); citing *Perdue*, 559 U.S. 542). "'[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee' . . . ." *Perdue*, 559 U.S. at 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)). Thus, the Supreme Court has recognized that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551 (emphasis in original). "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Hugee v. Kimso*

2

*Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing *Hensley*, 461 U.S. at 433).

1. Reasonable Hourly Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). "Fees should not be awarded at higher out-of-district rates unless 'a reasonable client would have selected out-of-district counsel because doing so would likely . . . produce a substantially better net result.'" *Id.* (quoting *Simmons*, 575 F.3d at 172). In *Arbor Hill*, the Second Circuit also instructed district courts to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989). *See Arbor Hill*, 522 F.3d at 190.

> The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (quoting *Johnson*, 488 F.2d at 717–19). Finally, a district court should also consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and "that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* at 190. "The burden rests with the prevailing party to justify the reasonableness of the requested rate," and plaintiff's attorney "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." *Hugee*, 852 F. Supp. 2d at 298.

"Courts have awarded rates of $200 to $400 per hour for partners in this district." *Capone v. Patchogue-Medford Union Free Sch. Dist.*, No. 04-CV-2947 (JS)(MLO), 2011 WL 743573, at *2 (E.D.N.Y. Feb. 23, 2011); *see also United States v. Jones*, No. 11-CV-2869 (JFB), 2013 WL 6408639, at *3 (E.D.N.Y. Dec. 9, 2013) (noting that "recent Eastern District cases have indicated that the range of appropriate billing rates in this District is $200-$375 for partners"). Of course, in light of the numerous factors that courts in this circuit consider to determine a reasonable hourly rate, "the range of 'reasonable' attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-2205 (CLP), 2012 WL 1624291, at *30 (E.D.N.Y. Apr. 30, 2012).

3

Here, plaintiff requests an hourly rate of $550 for plaintiff's counsel, Jeffrey Delott. In support of the requested rate, plaintiff points to several fee decisions in other jurisdictions as points of comparison. (Affidavit, ECF No. 102 at 3.)

In light of the prevailing hourly rates in this district and all other factors set forth in *Arbor Hill* and *Johnson*, the Court concludes that the requested rate of $550 is unreasonably high, and that $375 is the appropriate rate for plaintiff's counsel. Although plaintiff's counsel may have been awarded a rate of $450 in the Southern District of New York, *see Alfano v. CIGNA Life Ins. Co. of New York*, No. 07 Civ. 9661 (GEL), 2009 WL 890626, at *3 (S.D.N.Y. Apr. 2, 2009), it is well settled that rates for attorneys are not as high in this jurisdiction as they are in the Southern District, where the legal market differs. *See Chen v. Cnty. of Suffolk*, 927 F. Supp. 2d 58, 72 n.8 (E.D.N.Y. 2013). For the same reason, the rates plaintiff has cited from the Central District of California may be instructive, but fee decisions in those jurisdictions do not compel similar results here. An hourly rate of $375 is proportionate to hourly rates accepted in this jurisdiction for experienced attorneys in ERISA cases. *See Trs. of the Local 7 Tile Industry Welfare Fund v. Amarko Marble & Granite Co. Inc.*, No. 13-CV-2779 (FB), 2014 U.S. Dist. LEXIS 56819, at *25 (E.D.N.Y. Feb. 7, 2014) (collecting cases in this district approving rates of $330-390 for partners in ERISA actions); *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 55825 (E.D.N.Y. Apr. 22, 2014); *Gesualdi v. Diversified Carting, Inc.*, No. 10-CV-2561 (SIL), 2014 U.S. Dist. LEXIS 153649, at *11 (E.D.N.Y. Oct. 29, 2014) (awarding a rate of $400 to name partners in an ERISA-focused law firm). Notably, plaintiff's memorandum does not point to a single case from this jurisdiction that discusses an attorney's fee award in an ERISA action.

The Court concludes that the rate of $375 appropriately takes into consideration the *Arbor Hill* and *Johnson* factors. In particular, the Court notes the size of Mr. Delott's law practice. *Chen*, 927 F. Supp. 2d at 72. ("While [an attorney's] hourly rate should not automatically be reduced based solely on his status as a solo practitioner, the size of the firm may be considered in setting a reasonable hourly rate.") (collecting cases). Mr. Delott is a solo practitioner based on Long Island, and thus he cannot command the rates awarded to partners at national law firms working in a major metropolis.[1] Although the Court in no way minimizes Mr. Delott's experience and skill, the Court concludes, in its discretion, that there is no reason for to depart from the established attorney rates within this jurisdiction. This case was not complex, and Mr. Delott's performance in this litigation was in line with the average attorney in this district.

In addition, the Court observes that, although many of the tasks billed are partner-level activities, such as taking depositions and appearing in court, many of the tasks billed could have been performed by a far less experienced attorney. For example, Mr. Delott expended many hours reviewing documents, drafting affidavits, proofreading documents, and performing basic legal research. Additionally, Mr. Delott billed time for serving papers and

---

[1] To the extent plaintiff believes that this rate is too low and the rate should be more in line with the rate utilized by Southern District judges, the Court notes that similar rates have been utilized even in the Southern District of New York. *See, e.g., Curry v. American Int'l Group, Inc.*, 579 F. Supp. 2d 424, 426-27 (S.D.N.Y. 2014) (awarding $151,292.28 in attorney's fees, utilizing a rate of $400 per hour).

4

mailing courtesy copies to the Court. Although plaintiff's counsel is, of course, free to run his practice as he sees fit, the Court concludes that it is appropriate to assign an associate's hourly rate of $175 for half of plaintiff's hours, in order to ensure that the hourly rate billed appropriately reflects the *Arbor Hill* and *Johnson* factors. *See Trinidad v. Pret A Manger Ltd.*, No. 12 Civ. 6094 (PAE), 2014 U.S. Dist. LEXIS 132186, at *24-25 (S.D.N.Y. Sept. 19, 2014) (holding that an hourly rate of $400 was appropriate for a partner, but concluding that half of the attorney's hours should be billed at $175 per hour, because those tasks were more appropriate for junior attorneys); *cf. Winkler v. Metro. Life Ins. Co.*, No. 03 Civ. 9656 (SAS), 2006 U.S. Dist. LEXIS 56464, at *7 (S.D.N.Y. Aug. 10, 2006) ("[A] failure to delegate work to junior, less expensive attorneys may be grounds for reducing an award of attorney's fees.") (quotation omitted).

2. Reasonable Hours

Having determined a reasonable hourly rate for plaintiff's counsel, the Court must determine the reasonable number of hours expended by plaintiff's counsel in this litigation.

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Custodio v. Am. Chain Link & Const., Inc.*, No. 06-CV-7148 (GBD), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)). "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch*, 148 F.3d at 173. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Hensley*, 461 U.S. at 434; *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)); *see also Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.").

Here, plaintiff's counsel has submitted the printout of his time records for work performed on the case. Plaintiff's time records reflect 646.8 hours. (ECF No. 102-1.) However, plaintiff's counsel has voluntarily reduced his request for attorney's fees. (*See* Pl. Mem. at 18 ("I am reducing the hours attributed to exhibit review and preparation by 25.4 hours, leaving a total to 621.4 hours, Additionally, . . . Plaintiff is voluntarily reducing his fee request by 10% to avoid any contention that it is unreasonable and not excessive, redundant, or unnecessary.").) After "voluntarily reducing" his fee request, plaintiff requests attorney's fees for 559.3 hours of work.

Defendant objects to the amount of hours requested, arguing that the hours billed are inflated, and that plaintiff's use of block-billing merits an across the board cut in hours. The Court has closely reviewed plaintiff's billing records, and agrees that a significant reduction in hours is warranted.

Many of the billing entries on plaintiff's time records are recorded in large blocks of time, and there are numerous entries—often for five, seven, or nine hour increments—which bill for tasks such as "reviewing file" or "reviewing record," without further

5

elaboration. These entries are impermissibly vague, and the Court is unable to review these hours for reasonableness as a result of plaintiff's block billing. Therefore, the Court concludes that an across-the-board percentage cut in hours of 33% is necessary in order to trim the excess from these billing entries.[2] *See Charles v. City of New York*, No. 13 Civ. 3547, 2014 U.S. Dist. LEXIS 124056, at *15-16 (S.D.N.Y. Sept. 4, 2014) (reducing requested hours by 30% because of vague billing); *United States ex rel. ATC Distrib. Group, Inc. v. Ready-Built Trasnmissions, Inc.*, No. 03 Civ. 2150 (GWG), 2007 U.S. Dist. LEXIS 65963, at *20 (S.D.N.Y. Sept. 7, 2007) (reducing hours in fee application by 33%); *Kirsch v. Fleet St.*, 148 F.3d 149, 173 (2d Cir. 1998) (upholding fee reduction of 20%). Mr. Delott has already been placed on notice that his billing practices may result in a reduction of his fees, because a district judge in this Court has already reduced a fee application from Mr. Delott for exactly this reason. *See Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014) (reducing requested hours from 61.1 to 40 hours and noting that "Delott's time records at times lump items of work together, frustrating meaningful review of what portion of the time was spent on what task and whether such expenditure is reasonable."). Mr. Delott has also been warned that billing large amounts of time for administrative tasks undercuts his claim that he litigates with skill and efficiency. *See Muniz v. Astrue*, No. 09-CV-3954 (ARR), 2011 U.S. Dist. LEXIS 131619, at *15-16 (E.D.N.Y. Nov. 14, 2011) (reducing Mr. Delott's requested fee award, and noting that large time blocks were billed for administrative tasks). In this case, none of Mr. Delott's billing entries is for a period of time less than twelve minutes. The Court finds it difficult to credit twelve-minute entries for tasks like leaving voicemail and asking for transcripts. What is most troubling is that Mr. Delott has billed twelve minutes of time for every notification he received from the Court's electronic case filing system. If the Court were to accept such entries—and award Mr. Delott's requested hourly rate of $550—plaintiff's counsel billed $110 every time he received a one-sentence email notice from the Court.

Accordingly, the Court is reducing plaintiff's counsel's billable hours from 646.8 to 433.4, which represents a 33% across-the-board reduction.[3] Based upon this

---

[2] The 33% reduction is based upon the initial time records (*i.e.*, 646.8 hours), and does not incorporate the plaintiff's voluntary cut of 10%. The Court concludes that, given the substantial issues in counsel's billing (some of which are highlighted above), the 33% across-the-board cut (rather than a 10% cut, or any amount less than 33%) is necessary to reasonably and properly account for the excessive and vague billing that permeates this fee application.

[3] For similar reasons, the Court, in its discretion, declines to award attorney's fees or costs for the time Mr. Delott spent responding to defendant's opposition to the fee application. Defendant's objections were entirely reasonable, and plaintiff was not obligated to file a reply. The reply did not assist the Court in resolving the dispute, as it merely recapitulated plaintiff's arguments regarding the requested fees. Moreover, the Court concludes that, even with the 33% across-the-board cut, the hours billed with respect the initial fee application were still unnecessarily high given the nature of this case. Counsel billed over 18 hours to the fee application, including 9 hours researching and drafting the brief, and then an additional 4.9 hours for the following tasks: "Preparing Notice of motion. Sent request to attorney for plans requesting reinstatement of health and life insurance. Drafting affirmation. Table of contents. Table of authorities. Checking and updating cites." Plaintiff's counsel failed to justify the time expended based upon the descriptions given and the Court's review of the work product. Thus, given that the hours expended on the initial fee application were excessive (beyond the 33% cut) and given that the reply was essentially a re-argument of the initial application, the Court concludes that no additional award is warranted for the fees or costs in

reduction, the Court calculates the lodestar figure to be $119,185. The Court bases this figure on the following calculations. Of the 433.4 hours awarded, half are billed at a rate of $375 per hour, and half are billed at a rate of $175 an hour.

The Court sees no reason to depart from the lodestar figure in this case. *See, e.g.*, *Perdue*, 559 U.S. at 553 (noting that lodestar figure includes "most, if not all," relevant factors in setting reasonable attorney's fee). Therefore, the Court awards plaintiff $119,185 in attorney's fees.

## C. Costs

"As for costs, a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05-CV-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.*; *see also First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696 (KAM) (SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013). In particular, under Local Civil Rule 54.1, "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,'" and "[b]ills for the costs claimed must be attached as exhibits." *D.J. ex rel. Roberts v. City of New York*, No. 11-CV-5458 (JGK) (DF), 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) (quoting Local Civ. R. 54.1(a)), *report & recommendation adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012).

Here, plaintiff requests $6,178.30 for the following litigation costs: $185.00 for a process server, $40.00 for serving defendant through the New York State Department of Finance, the $350.00 filing fee for initiating this action, $90.96 in copying costs, $3,796.70 in deposition costs, $1,687.08 in electronic research costs, and $25.76 in postage. These costs are recoverable, and defendant's counsel has not objected to an award of these costs. Accordingly, the Court awards plaintiff $6,178.30 in costs.

## D. Pre-Judgment Interest

Plaintiff seeks pre-judgment interest at a rate of nine percent from the date defendant terminated plaintiff's benefits. Defendant opposes this request, arguing that awarding pre-judgment interest would improperly levy punitive damages against defendant.

Both parties cite *Jones v. UNUM Life Insurance Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) for the applicable standard for awarding pre-judgment interest in an ERISA action. *Jones* acknowledged that such an award is within the discretion of the district court, but enumerated several factors for courts to consider when exercising this discretion: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Id.* (quoting *SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996)).

---

connection with the reply. *See, e.g., Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) (district court has discretion to reduce fees sought in fee application "[i]f the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high"); *Greenbaum v. Svenska Handelsbanken, N.Y.*, 998 F. Supp. 301, 305-06 (S.D.N.Y. 1998) (finding counsel "expended an excessive amount of time preparing the fee application").

7

In its discretion, the Court has considered the *Jones* factors, and concludes that an award of pre-judgment interest is appropriate to compensate plaintiff for the time value of the benefits he was delayed in receiving, and to prevent the defendant from enjoying a windfall from the denial, as well as to reflect the remedial purpose of the statute. The Court also concludes, in its discretion, that the requested rate of 9% is appropriate. *See Alfano*, 2009 WL 890626, at *7 (awarding 9% pre-judgment interest); *accord Rood v. New York State Teamsters Conference Pension and Retirement Fund*, No. 5:13-CV-0435 (LEK) (ATB), 2014 WL 4114330, at *10 (N.D.N.Y. Aug. 20, 2014) (awarding 9% pre-judgment interest).

### III. CONCLUSION

For the reasons set forth herein, the Court awards plaintiff $119,185 in attorney's fees and $6,178.30 in costs. Furthermore, the Court concludes that pre-judgment interest at the rate of 9% is appropriate for the amount the Court has already granted plaintiff by Memorandum and Order dated August 7, 2014.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 24, 2015
Central Islip, NY

\* \* \*

Plaintiff is represented by Jeffrey D. Delott, 366 North Broadway, Suite 410k-3, Jericho, NY 11753. Defendant is represented by Kevin G. Horbatiuk and Marcin J. Kurzatkowski, Russo, Keane & Toner, LLP, 33 Whitehall Street, 16th Floor, New York, NY 10004.